UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES GIVENS,

                Petitioner,

                                        DECISION AND ORDER
    v.                                      05-CV-0593A
                                               02-CR-0165A

UNITED STATES OF AMERICA,

                Respondent.

---

## INTRODUCTION

Currently before the Court is the motion of petitioner Charles Givens to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons stated, the motion is dismissed, without prejudice.

## BACKGROUND

On April 27, 2004, petitioner pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On August 9, 2004, he was sentenced principally to a term of imprisonment of 121 months. His counsel filed a notice of appeal on September 1, 2004. Petitioner himself filed a notice of appeal on September 14, 2004.

On August 19, 2005, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. On October 12, 2005, the

government filed a response in opposition thereto. Petitioner filed a reply on November 28, 2005.

## DISCUSSION

Petitioner's primary claim of error is that his counsel failed to file a notice appeal even though the petitioner expressly requested that he do so. As stated above, however, petitioner's counsel did, in fact, file a notice of appeal. The Court has reviewed the docket sheet for this case (Docket No. 04-4803) at the Second Circuit Court of Appeals and it indicates that the appeal is still open. Accordingly, the Court shall dismiss petitioner's § 2255 motion, without prejudice. Once petitioner's appeal is resolved at the Second Circuit, petitioner may again move for relief under § 2255. Petitioner is reminded of the one-year statute of limitations under § 2255.

## CONCLUSION

For the reasons stated, petitioner's § 2255 motion is dismissed, without prejudice. The Clerk of Court is hereby ordered to take all steps necessary to close the case.

A certificate of appealability is hereby denied as petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).  Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 16 , 2006